UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLENN WILLIAMS,

      Plaintiff,

  - against -

2000 HOMES INC., MORTGAGE ENTERPRISE,
LTD., MARK SANDERS, and JOSEPH DEGAETANO,

      Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 19 2010 ★

BROOKLYN OFFICE

REPORT AND
RECOMMENDATION
09-CV-16 (JG)

**AZRACK, United States Magistrate Judge:**

By Notice of Motion dated November 9, 2010, pro se plaintiff Glenn Williams requests the appointment of counsel. ECF Nos. 113, 114. On November 26, 2010, Judge Gleeson referred plaintiff's motion for appointment of counsel to me for a report and recommendation. Upon a review of plaintiff's application, I recommend that plaintiff's motion be denied.

A court may appoint counsel to assist indigent litigants. <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988). However, unlike criminal cases, there is no requirement that a judge appoint pro bono counsel for an indigent litigant in civil matters. <u>Burgos v. Hopkins</u>, 14 F.3d 787, 789 (2d Cir. 1994). Several factors govern a district court's consideration of an indigent party's application for appointment of counsel. First, the court must ascertain whether "the indigent's position seems likely to be of substance." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61–62 (2d Cir. 1986). If the indigent's claim meets this threshold, then the court may consider, among other things: (1) plaintiff's ability to obtain representation independently; (2) his ability to handle the case without assistance in light of the required factual investigation; (3) the complexity of the legal issues; and (4) the need for expertly conducted

cross-examination to test veracity. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Courts are further required to "scrutinize carefully requests for appointment of counsel, and not grant such applications indiscriminately." Katzman v. Freeh, 926 F. Supp. 316, 321 (W.D.N.Y 1996) (citing Cooper, 877 F.2d at 172).

Upon reviewing plaintiff's application, I do not find that his allegations satisfy the initial threshold showing of merit. In light of the reasons provided in Judge Gleeson's Memorandum and Order, which granted five of the defendants' motions to dismiss, I am concerned about the viability of plaintiff's claim against the remaining defendants. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 ("Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor.").

Further, plaintiff has not established the factors set forth in Hodge. I therefore recommend that the Court deny plaintiff's motion without prejudice to renew.

A hard copy of this Order will be mailed to plaintiff by Chambers.

SO ORDERED.

Dated: November 16, 2010
Brooklyn, New York

s/Joan M. Azrack
_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE